**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

COVENTRY FIRST LLC,

        Plaintiff,

vs.                                 CASE NO.: 4:08cv387-SPM/WCS

KEVIN M. MCCARTY,
Commissioner of the Florida
Office of Insurance Regulation,

        Defendant.

_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

      Pending before the Court is Plaintiff's emergency motion for temporary restraining order and preliminary injunction (doc. 4) and the accompanying memorandum (doc. 5).

      A party seeking injunctive relief must show four things: "(1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir. 2005) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092,

1097 (11th Cir. 2004)).  "However, because it is an extraordinary remedy, it is available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue."  <u>Alabama</u>, 424 F.3d at 1127 (citing <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 506 (1959)).  In addition, when the relief is sought through a temporary restraining order that is issued upon little or no notice, "the applicant's attorney [must] certif[y] to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Fed. R. Civ. P. 65(b).

The typical reason for proceeding without notice is that the opposing side is unable to be found or the identity of the opposing side is unknown.  <u>First Tech. Safey Sys. v. Depinet</u>, 11 F.3d 641, 650 (6th Cir. 1993).  In some limited circumstances, proceeding without notice is also justified upon a showing that notice would lead to the destruction of evidence.  <u>Id.</u> at 650-51.

In this case, there is no indication that Plaintiff has attempted to provide notice to the opposing side.  This defect cannot be ignored.  "The stringent requirements . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute."  <u>Granny Goose Foods, Inc. v. Bhd. of</u>

Teamsters, 415 U.S. 423, 438-39 (1974).  Although proceeding *ex parte* as provided under Federal Rule of Civil Procedure 65(b) is permissible in some circumstances, Plaintiff has not shown that those circumstances are present in this case.

Additionally, Plaintiff has not demonstrated that irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately. Plaintiff is a Delaware limited liability company licenced as a "viatical settlement provider" in the state of Florida pursuant to the Florida Viatical Settlement Act. Fla. Stat. § 626.991.  As a "viatical settlement provider," Plaintiff provides life insurance policyholders access to a secondary market in which policyholders can sell their policies in return for a lump sum cash amount that exceeds the amount that the policyholders would have received if they returned the policy to the life insurance carrier.  However, Plaintiff alleges that with respect to business conducted with out-of-state residents, Plaintiff does not qualify as a "viatical settlement provider" under Florida law.

Defendant has given notice of his intent to examine "the affairs and condition" of Plaintiff for the period from January 1, 2005 through December 31, 2007.  To that end, Defendant has requested that by August 29, 2008, Plaintiff must produce business records containing all of the insurance policies it has purchased to date, including all policies purchased from policyholders in states other than Florida.  Plaintiff claims that this request violates state law because

the Florida Viatical Settlement Act "only regulates viatical transactions with in-state viators."  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1048 (11th Cir. 2007).  Plaintiff also claims that the request violates the Dormant Commerce Clause of the Constitution which limits the power of Defendant to review, examine, and regulate conduct occurring exclusively outside of the boarders of Florida.

However, for the purposes of the motion for a temporary restraining order, Plaintiff has not made an adequate showing that in order to avoid irreparable injury, this matter must be heard without providing Defendant reasonable notice. "Irreparable injury 'must be neither remote nor speculative, but actual and imminent.'"  SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A., 243 Fed. Appx. 502, 504 (11th Cir. 2007) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)).  Plaintiff has not alleged that the mere examination of these contracts would result in irreparable injury to the plaintiff.  Plaintiff's explanation of the injury revolves around what may happen *if* Defendant examines the records and *if* Defendant suspends Plaintiff's license is purely speculative and does not rise to the level of the extraordinary remedy being sought by Plaintiff. Any potential suspension or revocation is speculative.  The potential injuries alleged by Plaintiff are too remote to satisfy the high threshold of a request for a temporary restraining order.

Defendant will be allowed a reasonable opportunity to respond and be

4

heard before injunctive relief is considered.  Defendant's response to the complaint will be due on Monday, September 8, 2008.  At that time, Defendant can also respond to the issue of preliminary injunctive relief and if necessary, a hearing may be set.  Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.      The emergency motion for temporary restraining order (doc. 4) is denied.

2.      The Court takes under advisement Plaintiff's alternative request for a preliminary injunction.

2.      Defendant is hereby directed to file a responsive memorandum in opposition to the complaint and Plaintiff's emergency motion on or before **Monday, September 8, 2008**.

DONE AND ORDERED this twenty-ninth day of August, 2008.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge