IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COVENTRY FIRST LLC,

    Plaintiff,

vs.                                  CASE NO.: 4:08cv387-SPM/WCS

KEVIN M. MCCARTY,
Commissioner of the Florida
Office of Insurance Regulation,

    Defendant.
_____/

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND GRANTING MOTION TO DISMISS**

Pending before the Court is Plaintiff's motion for preliminary injunction (doc. 4) and Defendant's motion to dismiss Plaintiff's complaint and Plaintiff's request for a preliminary injunction. (doc. 12) Plaintiff has filed a response. (doc. 13)

**I.    BACKGROUND**

Plaintiff is a Delaware limited liability company licenced as a "viatical settlement provider" in the state of Florida pursuant to the Florida Viatical Settlement Act (the "Florida Act"). Fla. Stat. § 626.991. As a "viatical settlement provider," Plaintiff provides life insurance policyholders access to a secondary market in which the policyholders can sell their policies in return for a lump sum

cash amount that exceeds the amount that the policyholders would receive if they returned the policy to the life insurance carrier.  Defendant is the Commissioner of the Office of Insurance Regulation ("the Office"), which is a division of the Financial Services Commission for the State of Florida.  The Office has the statutory duty to enforce the provisions of the Florida Insurance Code, investigate violations of that code and regulate insurance activity within the State of Florida.

According to Section 626.9912 of the Florida Statutes, the Office issues the licenses necessary for a person to perform the functions of a viatical settlement provider.  A "viatical settlement provider" is a person who "effectuates a viatical settlement contract."  Fla. Stat. § 626.9911(12) (2008).  A "viatical settlement contract" is "a written agreement entered into between a viatical settlement provider . . . and a viator [that] includes an agreement to transfer ownership or change the beneficiary designation of a life insurance policy at a later date."  Fla. Stat. § 626.9911(10).  A "viator" is the owner of the life insurance policy–the policyholder.  Fla. Stat. § 626.9911(14).

The Office "may examine the business and affairs of any of its respective licensees . . .."  Fla Stat. § 626.9922(1).  In doing so, the Office "may order any such licensee or applicant to produce any records, books, files, advertising and solicitation materials, or other information and may take statements under oath to determine whether the licensee or applicant is in violation of the law or is acting

contrary to the public interest." Id.  With regard to conflicts with other states, Florida Statute Section 626.9924 states that

> A viatical settlement provider who from this state enters into a viatical settlement contract with a viator who is a resident of another state that has enacted statutes or adopted regulations governing viatical settlement contracts shall be governed in the effectuation of that viatical settlement contract by the statutes and regulations of the viator's state of residence. If the state in which the viator is a resident has not enacted statutes or regulations governing viatical settlement agreements, the provider shall give the viator notice that neither Florida nor his or her state regulates the transaction upon which he or she is entering. For transactions in those states, however, the viatical settlement provider is to maintain all records required as if the transactions were executed in Florida.

On April 26, 2001, Plaintiff was granted a license by the Office to act as a viatical settlement provider in the state of Florida.  In 2007, the Office examined Plaintiff's viatical settlement agreements for the period covering April 26, 2001 through December 31, 2004.  The Office now wants to examine Plaintiff's viatical settlement agreements for the period from January 1, 2005 through December 31, 2007.  The Office states that the purpose of this examination is to 1) verify that the Florida transactions reported by Plaintiff occurred in Florida; 2) verify that transactions reported as non-Florida transactions actually occurred outside of Florida; 3) verify that ownership of life insurance policies was not changed with the intent to avoid Florida law; and 4) verify and review Plaintiff's anti-fraud plan.

Plaintiff alleges that with respect to business conducted with out-of-state residents, Plaintiff does not qualify as a "viatical settlement provider" under Florida law. Consequently, Plaintiff filed this instant action to limit the Office's

examination of Plaintiff's non-Florida records. Plaintiff argues that the Office has no authority to review, regulate, examine, or oversee Plaintiff's policies that relate to viators or policyholders who reside outside of Florida. As a result, Plaintiff states that even though it is a licencee in Florida, it does not fall within the Florida statutory definition of a "viatical settlement provider" as it relates to policies outside of Florida. Plaintiff does admit that it is a viatical settlement provider for life insurance policies purchased from policyowners who reside in Florida. Therefore, Plaintiff is willing to allow the Office to review and examine aspects of their business that relate to Florida policyholders and viatical settlement contracts that are effectuated in the State of Florida. But it has filed a Complaint to prevent the Office from examining records for non-Florida policyholders. The legal basis of Plaintiff's claim is that the Dormant Commerce Clause and the Florida Act itself both limit the power of the Office to review, examine, or regulate conduct that occurs exclusively outside of the State of Florida.

      Plaintiff has also filed a motion for leave to amend its Complaint. In this amended complaint, Plaintiff adds two additional counts. One count alleges that Defendant's behavior is in violation of Plaintiff's substantive due process because it interferes with Plaintiff's fundamental rights and liberty interests. The second additional count alleges that Defendant's behavior violates the Full Faith and Credit Clause because it infringes upon the sovereignty of other states and disregards the legitimate interests of those states. Plaintiff may amend their

4

complaint only with leave from this Court.  This request to amend will be addressed below.

Defendant filed a motion to dismiss the Complaint.  In the motion, Defendant argues that as an initial matter, the Office cannot be sued because it receives Eleventh Amendment immunity from suits of state officials in their official capacity and the Ex Parte Young exception to this immunity bar is inapplicable.  Secondly, in the event that they are not protected by the Eleventh Amendment, the Office requests dismissal of this case for failing to state a cause of action for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Office claims that Florida's Viatical Settlement Act does not violate the Dormant Commerce Clause because the Office does not discriminate against interstate commerce or favor in-state interests over out-of-state interests.  Additionally, the Office claims that the Viatical Settlement Act gives the Office permission to examine the business records for any of its licensees, which includes contracts that have taken place wholly outside of the State of Florida.  Lastly, the Office claims that Plaintiff's motion for a preliminary injunction should be denied.

**II.     ANALYSIS**

    A.     Motion for Leave to Amend

Under Federal Civil Procedure Rule 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Although a decision to grant leave to amend is within the discretion of this Court, there

must be a "justifying reason" for a denial. Foman v. Davis, 371 U.S. 178, 182 (1962). One such reason is if the proposed amendment would be futile. Id. An amendment is futile if the resulting complaint is subject to dismissal because it cannot state a valid claim for relief. Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000).

For a claim of a violation of A substantive due process right to succeed, Plaintiff must show that Defendant has violated a fundamental right, a right that has been created by the United States Constitution. Bsse v. Lee County, 2009 U.S. App. LEXIS 5055 (11th Cir. Mar. 5, 2009). "Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense." Davis v. Carter, 555 F.3d 979, 982 (11th Cir. 2009). "To rise to the conscience-shocking level, conduct most likely must be 'intended to injure in some way unjustifiable by any government interest[.]'" Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)). Plaintiff's right to do business in the state fo Florida as a viatical settlement provider is not a fundamental right. Furthermore, the Office's intent to review the business records of its licencee, at the licencee's expense, in accordance with the state law that governs this licencee-licensor relationship hardly rises to the level of arbitrary or conscious-shocking. Nor is it intended to injure Plaintiff. The State's justifiable intent is to protect its citizens from an industry that creates a significant power imbalance

and "potential for harassment of the viator after the sale" of their insurance policy. Life Partners., Inc. v. Morrison, 484 F.3d 284, 288 (4th Cir. 2007).

In its additional allegation of a violation of the Full Faith and Credit Clause, Plaintiff argues that Defendant's intent to examine Plaintiff's out-of-state records does not respect the legitimate interests of other states and such an examination would infringe upon the sovereignty of other states. It is true that the Full Faith and Credit Clause requires states to give "effect to official acts of other States." Nevada v. Hall, 440 U.S. 410, 421 (1979). However, it doEs not require a state to operate contrary to its own policy objectives in order to preserve the policy objectives of another state. Put another way, there is no authority that "lends support to the view that the full faith and credit clause compels the courts of one state to subordinate the local policy of that state . . . to the statutes of any other state." Williams v. N.C., 317 U.S. 287, 296 (1942). "[I]n the case of statutes 'the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though that statute is of controlling force in the courts of the state of its enactment with respect to the same persons and events.'" Williams, 317 U.S. 287, 296 (1942) (quoting Pac. Employers Ins. Co. v. Indus. Accident Comm'n, 306 U.S. 493, 502 (1939). Accordingly, Defendant's intent to advance its own legitimate state interests in protecting its citizens does not infringe on the sovereignty of other states. Similarly, Plaintiff is not required to substitute

another state's conflicting statute in place of a statute that advances the policy objectives of the State of Florida. Plaintiff's amendment to its complaint would be futile because neither of the two counts added in the amended complaint state a cause upon which relief can be granted. Accordingly, Plaintiff's motion to amend the complaint to include additional counts will be denied.

      B.      <u>Standards for Motion to Dismiss and Preliminary Injunction</u>

A complaint is subject to dismissal under Rule 12(b)(6) if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 684 (11th Cir. 2001). To obtain a preliminary injunction, a plaintiff has the burden to demonstrate (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that the threatened injury outweighs any harm an injunction may cause the defendant, and (4) that granting the injunction will not be adverse to the public interest. <u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242, 1246-47 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1310, 1306 (11th Cir. 1998). If the Court finds that the movant has failed on any one of the requisites, it is unnecessary to address the others. <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1519 (11th Cir.

1983).

  C. Eleventh Amendment Immunity

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." Schopler v. Bliss, 903 F.2d 1373, 1378 (11th Cir. 1990). The resulting immunity from suit in federal court extends not only to states when named as a party to an action, but also to state agencies acting under the state's control. Id.; P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). There is an exception to this precept. While the Eleventh Amendment bars "suits seeking retrospective relief such as restitution or damages" for actions undertaken by state officers in their "official capacity," Fla. Ass'n of Rehab. Facilities v. Florida Dep't of Health & Rehabilitative Servs., 225 F.3d 1208 (11th Cir. 2000), it does not prevent actions brought against a state officer wherein the plaintiff "seek[s] prospective injunctive relief to end continuing violations of federal law," Id. at 1219. See also Frew v. Hawkins, 540 U.S. 431, 436 (2004) (*citing* Ex parte Young, 209 U.S. 123 (1908)). This is the Ex Parte Young exception to the Eleventh Amendment immunity doctrine. If the exception applies, then the state official may be sued in his or her official capacity.

  Defendant argues that because he is a state official being sued in his official capacity, and because the State of Florida has not waived his Eleventh Amendment immunity, nor has Congress abrogated the same, he receives

Eleventh Amendment protection in this suit. Defendant also argues that the Ex Parte Young exception to his immunity does not apply because it is a legal fiction that creates, rather than identifies, a distinction between the state and it officers. Additionally, Defendant claims that the Ex Parte Young exception does not apply because this suit is actually against the state itself, in the form of a state agency, and the suit implicates special sovereignty interests of the state as it relates to the state's insurance regulation.

"Ex parte Young applies only when state officials are sued for prospective relief in their official capacity." Eubank v. Leslie, 210 Fed. Appx. 837, 844 (11th Cir. 2006). Defendant McCarty is a state official and the relief requested from Plaintiff is preliminary and permanent injunctive relief that will enjoin Defendant from behavior the Plaintiff believes is in violation of the United States Constitution. Because Defendant's activities of reviewing wholly out-of-state contracts would constitute an ongoing and continuous violation "where the relief sought is prospective in nature, i.e., designed to prevent injury that will occur in the future," the Ex Parte Young exception may apply. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1338 (11th Cir. 1999). However, in the event that the suit is actually a suit against the state itself or against a state agency, then the Ex Parte Young exception to immunity will not apply "even when the relief is prospective." Eubank, 210 Fed. Appx. at 844. In this case, the named Defendant is the Commissioner of the Office of Insurance Regulation, not the Office of Insurance

10

Regulation or the State of Florida. And because the authority by which the Commissioner applies the regulations of his office is claimed by Plaintiff to be illegal, the Commissioner is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." Papasan v. Allain, 478 U.S. 265, 277 (1986). This suit is not against the state itself and the Ex Parte Young exception does apply. Accordingly, the Eleventh Amendment does not bar this Court's jurisdiction and Defendant's request to have this case dismissed on grounds of Eleventh Amendment immunity will be denied.

      D.     Dormant Commerce Clause

"The Dormant Commerce Clause prohibits 'regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" Island Silver & Spice, Inc. v. Islamorada, 542 F.3d 844, 846 (11th Cir. 2008) (quoting New Energy Co. of Ind. v. Limbach, 486 U.S. 269, 273 (1988)). "[T]he first step in analyzing any law subject to judicial scrutiny under the negative Commerce Clause is to determine whether it regulates evenhandedly with only incidental effects on interstate commerce, or discriminates against interstate commerce." Or. Waste Sys. v. Dep't of Envtl. Quality, 511 U.S. 93, 99 (1994) (citation and quotation omitted). "If a regulation has only indirect effects on interstate commerce [the court] must examine whether the State's interest is legitimate and whether the burden on interstate commerce clearly exceeds the local benefits." Island Silver & Spice, 542 F.3d at 846.

As the Commerce Clause relates specifically to insurance, the McCarran-Ferguson Act states that no Congressional act "shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). This statutory language has been interpreted to mean that "Congress removed all Commerce Clause limitations on the authority of the States to regulate and tax the business of insurance when it passed the McCarran-Ferguson Act . . .." W. & S. Life Ins. Co. v. State Bd. of Equalization, 451 U.S. 648, 653 (1981). In other words, a state agency is allowed to regulate the business of insurance even if that regulation would otherwise violate the Commerce Clause.

In order to determine whether the Florida Act is shielded by the McCarran-Ferguson Act, the Court must determine whether the Florida Viatical Settlement Act regulates the insurance aspect of the viatical settlement business or the business aspect of the viatical settlement business. In Nat'l Viatical, Inc. v. Oxendine, the Eleventh Circuit affirmed without opinion the judgment of the District Court dismissing Plaintiff's Commerce Clause challenge to the Georgia Life Settlements Act. 221 Fed. Appx. 899 (11th Cir. 2007). Though the Eleventh Circuit did not specifically agree with all the reasoning offered by the District Court, it appears that the Eleventh Circuit took no issue with the District Court's sound legal conclusion that the Georgia Life Settlement Act regulated the core

aspects of the business of insurance and was therefore insulated from Commerce Clause challenge by the McCarran-Ferguson Act.  See In re Perimeter Park Inv. Associates, Ltd., 616 F.2d 150, 151 (5th Cir. 1980) ("This Court is not supposed to affirm without opinion under its local rule unless it determines that "no error of law appears.") (citation omitted).  The Florida Act is similar to the Georgia Life Settlement Act in that it regulates the licensing requirements for people who negotiate viatical settlement contracts, the examination of licensees, and the execution of viatical settlement contracts.  Accordingly, this Court holds that the Florida Act regulates the business of insurance and is therefore shielded by the McCarran-Ferguson Act from Commerce Clause challenges.  Count One of Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief can be granted.

     E.     Florida Viatical Settlement Act

Plaintiff claims that it is not a viatical settlement provider under the Florida Act as it relates to its conduct with wholly out-of-state viatical contracts.  As a result, Plaintiff concludes that Defendant has no jurisdiction to obtain or review information that is unrelated to Plaintiff's activities in the State of Florida.  Plaintiff argues that the Commissioner's attempt to examine and regulate Plaintiff's non-Florida transactions goes beyond the authorization given by the Florida Act and if not enjoined by this Court, will cause Plaintiff irreparable harm and economic loss.

Plaintiff's claim that it is not a viatical settlement provider is untenable. Plaintiff is not permitted to maintain the position that it is a viatical settlement provider under the Florida Act only when it is engaged in a viatical settlement contract with a Florida resident.  The fact that Plaintiff acts as a viatical settlement provider with a Florida resident, it is a viatical settlement provider under Florida law and is therefore subject to the Florida Act.  Furthermore, the granting of a license by a state agency is a privilege. See Council of Ins. Agents + Brokers v. Gallagher, 287 F. Supp. 2d 1302, 1310 (N.D. Fla. 2003).  With that privilege comes the responsibility to adhere to the provisions of that act and any evaluations made by the Office regarding the "personal fitness" of licensees.  See Brewer v. Ins. Comm'r and Treasurer, 392 So.2d 593, 595 (Fla. Dist. Ct. App. 1981).  Especially in such a heavily regulated industry as the insurance industry, licensees are subject not only to express legislation but to a reasonable interpretation of fitness as determined by administrative official in order to insure the  safety and welfare of the general public. Id. at 596.  Furthermore, the Florida Act specifically states that Defendant may "examine the business and affairs of any licensee."  Fla. Stat. § 626.9922(1).

Additionally, the Florida Act provides that the Office of Insurance Regulation, in its discretion, will issue a license to a viatical settlement provider if the applicant for the license is, among other things, "competent and trustworthy and intends to act in good faith" in the viatical settlement business.  Fla. Stat.

14

§626.9912(5)(b).  While it is true that the Florida Act only regulates viatical transactions with in-state viators, Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1047 (11th Cir. 2007), there is no basis for concluding that Defendant may not merely *examine* the contracts and business records for those out-of-state contracts.  This determination of the character of the settlement provider may be ascertained by evaluating the complete picture of Plaintiff and its business practices as a whole, both inside and outside of the State of Florida.  As stated by Defendant, this examination is not the same as imposing penalties on Plaintiff or suspension of Plaintiff's license because Plaintiff's out-of-state contracts may violate Florida law.  Defendant acknowledges that the Florida Act does not govern these out-of-state transactions. As a result, Defendant has no intention of applying Florida law to these wholly out-of-state transactions.  However, under the Florida Act, Defendant is permitted to review and examine these contracts.  So to the extent that an examination of out-of-state contracts serve only to confirm Plaintiff's claim that non-Florida transactions actually occurred outside of Florida and that contracts have not been altered in order to avoid compliance with Florida law, such an examination is in accordance with the provisions of the Florida Act and therefore within the jurisdiction of the Defendant.  Accordingly, Count Two of Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.  As referenced throughout this order, Plaintiff has not persuasively argued that the Defendant has violated federal law.  As a result,

Plaintiff does not have a likelihood of success on the merits of its underlying case and its motion for a preliminary and permanent injunction will be denied.  For all of the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's motion for leave to file an amended complaint (doc. 19) is *denied*.

2. Plaintiff's motions for oral arguments (docs. 14, 17, and 18) are *denied*.

3. Defendant's motion to dismiss Plaintiff's Complaint (doc. 12) is *granted*.

4. Plaintiff's motion for a preliminary injunction (doc. 4) is hereby *denied*.

5. Plaintiff's Complaint for Declaratory and Injunctive Relief (doc. 1) is hereby *dismissed*.

DONE AND ORDERED this thirty-first day of March, 2009.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge